TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6495
     Facsimile: (213) 894-0141
     E-mail:    kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TONY TYRON LEE STEWART,<br>RAYFORD NEWSOME, and<br>JEROME GREGORY BELSER,<br><br>　　　　Defendants. | No. CR 22-00028-JAK<br><br>PLEA AGREEMENT FOR DEFENDANT<br>TONY TYRON LEE STEWART |

　　　1.　　This constitutes the plea agreement between TONY TYRON LEE STEWART ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

　　　　　　　　　　　　DEFENDANT'S OBLIGATIONS

　　　2.　　Defendant agrees to:

　　　　　　a.　　At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the

1 indictment in United States v. Tony Tyron Lee Stewart, et al., CR No.
2 22-00028-JAK, which charges defendant with Conspiracy to Interfere
3 with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a).
4     b. Not contest facts agreed to in this agreement.
5     c. Abide by all agreements regarding sentencing contained
6 in this agreement.
7     d. Appear for all court appearances, surrender as ordered
8 for service of sentence, obey all conditions of any bond, and obey
9 any other ongoing court order in this matter.
10     e. Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13 within the scope of this agreement.
14     f. Be truthful at all times with the United States
15 Probation and Pretrial Services Office and the Court.
16     g. Pay the applicable special assessment at or before the
17 time of sentencing unless defendant has demonstrated a lack of
18 ability to pay such assessments.
19     h. Defendant agrees that any and all criminal debt
20 ordered by the Court will be due in full and immediately. The
21 government is not precluded from pursuing, in excess of any payment
22 schedule set by the Court, any and all available remedies by which to
23 satisfy defendant's payment of the full financial obligation,
24 including referral to the Treasury Offset Program.
25     i. Complete the Financial Disclosure Statement on a form
26 provided by the USAO and, within 30 days of defendant's entry of a
27 guilty plea, deliver the signed and dated statement, along with all
28 of the documents requested therein, to the USAO by either email at

usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

    j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

    k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Conspiracy to Interfere with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), the following must be true: (1) there was an agreement between two or more persons to interfere with commerce by robbery; and (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1951(a), is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant

5

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On January 15, 2022, defendant, along with Indicted Co-Conspirator 2 and Indicted Co-Conspirator 3, conspired to commit a robbery of the T-Mobile stores, located at 2601 N. Bellflower Boulevard, Long Beach, California, (the "Long Beach T-Mobile Store"), 20769 Avalon Boulevard, Carson, California (the "Carson T-Mobile Store"), 619 W. Manchester Avenue, Inglewood, California (the "Inglewood Avenue T-Mobile Store"), 17133 Ventura Boulevard, Encino, California (the "Encino T-Mobile Store"), and 1656 Arneill Road, Camarillo, California (the "Camarillo T-Mobile Store").

To effectuate the robbery of each store, Indicted Co-Conspirator 2 drove the co-conspirators, including defendant, to each location. At each location, defendant, Indicted Co-Conspirator 3, and Unindicted Co-Conspirator 1, entered the T-Mobile or AT&T store during store hours carrying hammers with employees and customers present.  Inside, defendant, Indicted Co-Conspirator 3, and Unindicted Co-Conspirator 1 smashed security display cases with their hammers to remove cellular telephones, watches, and other electronic devices.  Defendant, along with Indicted Co-Conspirator 3 and Unindicted Co-Conspirator 1 then stole the merchandise from the store, fled, and were driven away by Indicted Co-Conspirator 2.

Following the robbery of the Camarillo T-Mobile store, defendant, along with Indicted Co-Conspirator 3 and Unindicted Co-Conspirator 1, and with Indicted Co-Conspirator 2 driving, fled from police officers when officers attempted to affect a lawful traffic stop. Defendant and his co-conspirators led officers on a vehicle pursuit throughout a residential neighborhood in Los Angeles before Indicted Co-Conspirator 2 stopped the car.

In addition to the January 15, 2022 robberies, defendant -- and/or other members of the conspiracy that was foreseeable to defendant -- previously committed the following robberies throughout Los Angeles county, or other counties within the Central District of California, each with a similar modus operandi, entering the store during store hours carrying hammers, smashing security display cases, and fleeing with merchandise:

    a. 7307 N. Figueroa St., Los Angeles, California; November 11, 2021

    b. 3816 W. Magnolia Blvd., Burbank, California; November 16, 2021;

    c. 1818 Durfee Ave., S. El Monte, California; November 29, 2021;

    d. 3725 Foothill Blvd., La Crescenta, California; December 6, 2021;

    e. 2040 Glenoaks Blvd., San Fernando, California; December 6, 2021;

    f. 8225 Topanga Canyon Blvd., Canoga Park, California; December 6, 2021;

    g. 10569 W. Pico Blvd., Los Angeles, California; December 6, 2021;

        h.    4371 Glencoe Ave. Marina Del Ray, California; December 6, 2021;

        i.    1338 E. Valley Blvd., Alhambra, California; December 8, 2021;

        j.    2108 S. Atlantic Blvd., Monterey Park, California; December 8, 2021;

        k.    429 N. Western Blvd., Los Angeles, California; December 8, 2021;

        l.    3183 Wilshire Blvd., Los Angeles, California; December 8, 2021;

        m.    1088 Huntington Dr., Duarte, California; December 13, 2021;

        n.    1271 N. Lake Ave., Pasadena, California; December 13, 2021;

        o.    4800 Laurel Canyon Blvd., Valley Village, California; December 13, 2021;

        p.    21844 Ventura Blvd., Woodland Hills, California; December 13, 2021;

        q.    182707 Sherman Way, Reseda, California; December 13, 2021;

        r.    524 PCH Hwy., Hermosa Beach, California; December 13, 2021;

        s.    1216 S. Idaho St., La Hambra, California; December 16, 2021;

        t.    5301 Whittier Blvd., East Los Angeles, California; December 17, 2021;

        u.    2950 Cochran St., Simi Valley, California; December 20, 2021;

        v.   105 N. Alameda Ave., Burbank, California; December 20, 2021;

        w.   2904 Hyperion Ave., Los Angeles California; December 20, 2021;

        x.   1207 S. Soto St., Los Angeles, California; December 20, 2021;

        y.   680 W. Huntington Dr., Monrovia, California; December 23, 2021;

        z.   11719 Rosecrans Ave., Norwalk, California; December 23, 2021;

        aa.   2401 N. Broadway Ave., Los Angeles, California; December 23, 2021;

        bb.   551 S. Western Ave.; Los Angeles, California; December 23, 2021;

        cc.   333 East Main St., Alhambra, California; December 28, 2021;

        dd.   9400 Firestone Blvd., Downey, California; December 28, 2021.

        ee.   9210 Lakewood Blvd., Downey, California; December 28, 2021;

        ff.   6919 Eastern Ave., Bell Gardens, California; December 28, 2021;

        gg.   482 E. Washington Blvd., Los Angeles, California; December 28, 2021;

        hh.   4550 Van Nuys Blvd., Sherman Oaks, California; December 28, 2021;

        ii.   5807 Kanan Rd., Agoura Hills, California; December 28, 2021;

    jj. 415 W. Ventura Blvd., Camarillo, California; December 28, 2021;

    kk. 5555 N. Azusa Ave., Azusa, California; December 29, 2021;

    ll. 12989 Park Plaza Dr., Cerritos, California; December 29, 2021;

    mm. 13528 Lakewood Blvd., Bellflower, California; December 29, 2021;

    nn. 15942 Halliburton Rd., Hacienda Heights, California; December 30, 2021;

    oo. 1316 N. Azusa Ave., Covina, California; January 3, 2022;

    pp. 506 Foothill Blvd., La Canada, California; January 5, 2022;

    qq. 10404 Sepulveda Bl., Mission Hills, California; January 5, 2022;

    rr. 6400 Owensmouth Ave., Woodland Hills, California; January 5, 2022;

    ss. 1040 Mt. Vernon Ave., Colton, California; January 10, 2022;

    tt. 2515 E. Imperial Hwy., Colton, California; January 11, 2022;

    uu. 19756 Colima Rd., Rowland Heights, California; January 11, 2022;

    vv. 680 W. Huntington Dr., Monrovia, California; January 11, 2022;

    ww. 1019-101 W. Ave L., Lancaster, California; January 13, 2022;

   xx. 1054 W. Valley Blvd., Tahachapi, California; January 13, 2022;

   yy. 1619 W. Pico Blvd., Los Angeles, California; January 13, 2022;

   zz. 2708 E. 1st St., Los Angeles, California; January 13, 2022.

Each of these robberies affected interstate commerce as each of the stores operate in interstate commerce, receive goods from out of state, and accept credit cards.

The robberies resulted in a loss of approximately $293,444. In addition, the robberies caused approximately $46,376 in damage to the stores.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 20 | | [U.S.S.G. § 2B3.1(a)] |
| Specific Offense Characteristics (dangerous weapon brandished): | +3 | | [U.S.S.G. § 2B3.1(b)(2)(E)] |
| Adjustments (Multi-Count): | +5 | | [U.S.S.G. § _3D1.4] |
| Loss amount: > $95,000: | +2 | | [U.S.S.G. § 2B3.1(b)(7)(B)] |
| Reckless Flight: | +2 | | [U.S.S.G. § 3C1.2] |

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

1     f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

                    WAIVER OF APPEAL OF CONVICTION

    15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

    16.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 29 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court,

provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $51,514.55; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17.  The USAO agrees that, provided the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 29 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18.  Defendant agrees that if, after entering a guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

*/s/ Kevin J. Butler*  5/18/22
KEVIN J. BUTLER  Date
Assistant United States Attorney

*/s/ Tony Stewart*  5/18/22
TONY TYRON LEE STEWART  Date
Defendant

*/s/ Adithya Mani*  5/18/22
ADITHYA MANI  Date
Attorney for Defendant
TONY TYRON LEE STEWART

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ TTLS_  5/8/22

TONY TYRON LEE STEWART              Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Tony Tyron Lee Stewart's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____   _5/18/22_____
ADITHYA MANI                      Date
Attorney for Defendant TONY TRYON
LEE STEWART