MARK A. CHAMBERS (#98933)
14241 E. Firestone Blvd., Suite 400
La Mirada, CA 90638
Telephone: (213) 489-1958
Fax:           (760) 489-0225
chambers@markchamberslaw.com
Attorney for Defendant
JEROME BELSER (3)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(HONORABLE JOHN A. KRONSTADT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JEROME BELSER (3),<br><br>　　　　Defendant. | CASE NO. 22-CR-00028-JAK-3<br><br>DEFENDANT JEROME BELSER'S OBJECTIONS TO PIR AND POSITION RE: SENTENCING<br><br>DATE:  September 8, 2022<br>TIME:  8:30 a.m. |

　　　　NOW COMES Defendant JEROME BELSER, by and through his attorney of record, Mark A. Chambers, and submits the following Position re: Sentencing.

I

PLEA

　　　　On June 2, 2022, Defendant Jerome Belser pled guilty to Count One of the 7-count Indictment, which charges conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a). There is a plea agreement in this case.

//
//
//
//

1
DEFENDANT JEROME BELSER'S OBJECTION TO PIR AND POSITION RE: SENTENCING

II

## CURRENT CUSTODY STATUS &

## DEFENSE SENTENCING POSITION

Mr. Belser was arrested on February 2, 2022, and released February 3, 2022, on a $20,000 appearance bond with affidavit of surety without justification. It is the position of the defense that the Court should sentence Mr. Belser to a custodial sentence of 70 months.

The defense is requesting a recommendation for RDAP and self-surrender to Phoenix FCI.

III

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

*Objection 1*

## FACTUAL OBJECTION

*PIR, Page 1, page 6 para 10, "Pretrial Adjustment"*

The PSR incorrectly states that Mr. Belser was released on bond the same day as his arrest. Mr. Belser made an initial Federal Court appearance on February 2, 2022. After his appearance bond was filed with the court, he was released on February 3, 2022. Further, The PSR fails the state that Mr. Belser spent 24 days in state custody on this offense prior to being transferred to Federal custody on February 2, 2022. Mr. Belser requests that the PSR be modified accordingly.

*Objection 2*

## FACTUAL OBJECTION

*PIR, Page 21, paras 149-150, "Employment Record"*

Mr. Belser objects to the PIR's failure to state that Adecco is an employment placement and staffing agency (see adeccousa.com), which placed him with his current employer, Homedics Company.

//
//

IV

ANALYSIS OF 18 U.S.C. § 3553(a) FACTORS

The defense respectfully requests that the Court consider the following, pursuant to 18 U.S.C. § 3553(a), in regard to the nature and circumstances of the offense and the history and characteristics of the defendant.

*Personal & Family Background*

Mr. Belser is a 21-year old native of Southern California. He grew up in San Bernardino and was raised by a single mother. He was five years old when his father was incarcerated. His father remains incarcerated to this day. Mr. Belser had, and continues to have, difficulty dealing with his father's absence. He currently struggles with anxiety and would like to receive mental health treatment to manage his anxiety attacks.

Mr. Belser is now a father to his newborn son. He lives with his girlfriend, who is also his son's mother, with whom he has been in a healthy relationship for the past four years.

*Education & Employment History*

Mr. Belser earned his high school diploma at a continuation school in Redlands, California. In early 2022, he began attending Mt. San Antonio College to work towards obtaining his associates degree. His work history includes several positions as a warehouse associate for various companies.

*Substance Abuse History*

Mr. Belser began consuming alcohol when he was in middle school. He would drink at parties every weekend. By ninth grade, he was using marijuana. He began consuming prescription cough syrup with codeine in 2021 and would consume it together with marijuana. Mr. Belser never received substance abuse treatment, but would like to seek treatment.

//

# V

## REQUEST FOR RESIDENTIAL DRUG ABUSE PROGRAM, PLACEMENT, AND SELF-SURRENDER

Mr. Belser has a significant history of substance abuse. He would like to complete a drug program to achieve long-term sobriety and respectfully requests placement in the Bureau of Prisons' residential drug abuse program (RDAP).

He further respectfully requests placement Phoenix, AZ, and that he be able to self-surrender.

# VI

## CRIMINAL HISTORY

Mr. Belser has a total criminal history score of one, yielding a criminal history category of I.

# VII

## GUIDELINE CALCULATIONS AND ADJUSTMENTS

(1) Applicable Guideline/Base Offense Level.

The parties stipulated to a base offense level of 20, pursuant to U.S.S.G. §2B3.1(a).

(2) Specific Offense Characteristic – Dangerous Weapon Brandished.

The parties stipulated to a 3-level increase pursuant to U.S.S.G §2B3.1(b)(2)(E) due to a dangerous weapon being brandished during the offense.

(3) Multi-Count Adjustment.

The parties stipulated to the application of a 5-level increase pursuant to §U.S.S.G §3D1.4 to adjust for multiple counts.

(4) Specific Offense Characteristic – Loss Amount > $95,000.

The parties stipulated to a 2-level increase pursuant to U.S.S.G §2B3.1(b)(7)(B) due to loss amount being greater than $95,000.

(5) <u>Specific Offense Characteristic – Reckless Flight.</u>

The parties stipulated to a 2-level increase pursuant to U.S.S.G §3C1.2 for the offense involving reckless flight.

(6) <u>Acceptance of Responsibility</u>.

The parties agree that a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1, is applicable.

(7) <u>18 U.S.C. § 3553a Factors</u>.

The defense submits that a custodial term of 70 months is sufficient, but not greater than necessary, to fulfill the sentencing objectives set forth in 18 U.S.C. § 3553(a).

Mr. Belser is a young father to a newborn baby. He was raised by a single mother due to his father being incarcerated when he was a very young boy. He fell in with bad influences when he was young and began abusing substances in middle school. More recently, he enrolled in college to earn his associates degree and has been gainfully employed. In light of the circumstances, his sincere remorse, and his limited criminal history, the defense submits that a custodial sentence of 70 months is sufficient, but not greater than necessary, to fulfill the purposes of sentencing.

| | |
|---|---|
| BASE OFFENSE LEVEL | 20 |
| SOC – Weapon Brandished | +3 |
| Multiple Count Adjustment | +5 |
| SOC – Loss Amount > $95,000 | +2 |
| SOC – Reckless Flight | +2 |
| ADJUSTED OFFENSE LEVEL | 32 |
| Acceptance of Responsibility | -3 |
| DOWNWARD VARIANCE | -2 |
| TOTAL OFFENSE LEVEL | 27 |

## VIII

### SENTENCING RECOMMENDATION

The defense respectfully requests that this Court find Mr. Belser's base offense level to be 20, with a 3-level increase for the offense involving the brandishing of a weapon, a 5-level increase to adjust for multiple counts, a 2-level increase for loss amount totaling ovr $95,000, a 2-level increase for reckless flight, and a 3-level reduction for acceptance of responsibility.

Further, it is requested that this Court find Mr. Belser to have a total adjusted offense level of 29, Criminal History Category of I, and apply a downward variance for a total custodial sentence of 70 months.

Dated: August 21, 2022                    Respectfully Submitted,

                                          s/ Mark A. Chambers
                                          Mark A. Chambers
                                          Attorney for Defendant
                                          JEROME BELSER (3)